# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Joshua T. Warren,<br><br>       Plaintiff,<br><br>v.<br><br>Anoka County Child Support Division, Anoka County Attorney's Office, and Metro Legal Services,<br><br>       Defendants. | Case No. 16-cv-4003 (JRT/HB)<br><br>**REPORT AND RECOMMENDATION** |

Joshua T. Warren, 3348 Yates Avenue North, Crystal, MN 55422, pro se

Andrew T. Jackola, Anoka County Attorney's Office, 2100 Third Avenue, Suite 720, Anoka, MN 55303, for Anoka County Child Support Division and Anoka County Attorney's Office

Margaret Ann Santos and Russell S. Ponessa, Hinshaw & Culbertson LLP, 333 South Seventh Street, Suite 2000, Minneapolis, MN 55402, for Metro Legal Services

HILDY BOWBEER, United States Magistrate Judge

  This matter is before the Court on Anoka County Defendants' Motion to Dismiss the Complaint [Doc. No. 11] and Defendant Metro Legal Services' Motion to Dismiss [Doc. No. 15]. The matter was referred to the undersigned for a Report and Recommendation in an Order of Reference dated March 28, 2017 [Doc. No. 21]. For the reasons set forth below, the Court recommends Defendants' motions be granted and Plaintiff's claims be dismissed without prejudice.

## I. Background

Plaintiff filed this action pro se on November 28, 2016. The relevant allegations in the Complaint, are as follows.[1] The Anoka County Attorney's Office and Child Support Office filed a paternity hearing involving Plaintiff on the basis of information filed by his children's other parent. (Compl. at 5 [Doc. No. 1].) At that time, Plaintiff had been unemployed and was living with friends at several different addresses. (*Id.*) Anoka County served the summons through Metro Legal Services at his parent's address. (*Id.*) Plaintiff had not lived in that residence in over five years, nor was it listed on his government issued ID. (*Id.*) Plaintiff never received the service and did not appear in court. (*Id.*) Anoka County subsequently entered a default judgment in child support and a child-support arrearage for more than $10,000. (*Id.*) Plaintiff did not discover this judgment until 2012. (*Id.*)

As a result, Plaintiff alleges that his credit has suffered, he has not been able to provide for his children, he was unable to study abroad for his college major, he needed to quit school, he was illegally incarcerated, and he was publicly humiliated. (*Id.*) He seeks $72,000 in lost potential wages, $4,000 in compensation for wrongful imprisonment and lost wages, and $500,000 in punitive damages. (*Id.*)

In May 2015, Plaintiff filed a similar complaint. In *Warren v. Anoka County Attorney*, 15-cv-2435 (DWF/FLN), he filed suit against the Anoka County Attorney, the

---

[1] Generally, in considering a motion to dismiss under Rule 12(b)(6), the Court considers only the facts alleged in the complaint. Courts do not convert motions to dismiss based on 12(b)(1) to summary judgment motions based on the presence of outside evidence, *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).

Anoka County Sheriff, Anoka County Court Administration, the Anoka County Human Services Division, and the Minnesota Department of Human Services – Child Support Division. Plaintiff was referred to the Federal Bar Association's Pro Se Project. *Warren v. Anoka County Attorney*, 15-cv-2435 (DWF/FLN), Doc. No. 5. Approximately one month after being referred, a Pro Se Project attorney filed a notice of voluntary dismissal on behalf of Plaintiff. *Warren v. Anoka County Attorney*, 15-cv-2435 (DWF/FLN), Doc. No. 6. The Honorable Donovan W. Frank accordingly dismissed the case without prejudice. *Warren v. Anoka County Attorney*, 15-cv-2435 (DWF/FLN), Doc. No. 7.

Both Defendants now bring numerous arguments for dismissal and ask the Court to dismiss Plaintiff's claims with prejudice.

## II. Anoka County Defendants' Motions to Dismiss

The Anoka County Child Support Division and Anoka County Attorney's Office ("Anoka County Defendants") filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) on March 13, 2017. Anoka County argues the Court lacks subject matter jurisdiction over Plaintiff's claims under *Rooker-Feldman*. The Anoka County Defendants also argue that Plaintiff's Complaint does not state a claim upon which relief may be granted because he challenges only the default judgment, not the County's reasons for bringing the suit. Finally, the Anoka County Defendants argues that the departments of a local government entity lack the capacity to be sued under Minnesota law, and insofar as Plaintiff has sued Anoka County itself, he has not effected proper service.

### A. Subject Matter Jurisdiction and *Rooker-Feldman*

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a complaint for lack of subject matter jurisdiction. A party contesting subject matter jurisdiction may mount either a facial challenge or a factual challenge to a court's jurisdiction. *See Osborn v. United States*, 918 F.2d 724, 729-30 & n.6 (8th Cir. 1990). On a facial attack, the court limits its consideration to the allegations of the complaint. *Id.* at 729 & n.6. On a factual attack, the court may consider matters outside the pleadings without converting the motion to one for summary judgment. *Id.* "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.* at 730.

Under the *Rooker-Feldman* doctrine, litigants may not bring suit in federal district court "complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Generally, state appellate courts review state-court decisions, with any subsequent federal review limited to the United States Supreme Court under 28 U.S.C. § 1257. Thus, "appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the United States Supreme Court]." *Exxon Mobil Corp.*, 544 U.S. at 283. In other words, with the exception of habeas corpus petitions, the federal district courts lack subject matter jurisdiction to review state-court rulings. *Id.* at 292 n.8.

The doctrine applies not only to a case styled as a direct appeal, but also to attempts to litigate claims that may be different but are nevertheless "inextricably intertwined" with the state-court judgment, *District of Col. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983).

> Under the *Feldman* doctrine, "the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongfully decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."

*Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).

In its 2005 *Exxon* decision, the Supreme Court limited and clarified *Rooker-Feldman,* emphasizing that "*Rooker-Feldman* does not otherwise override or supplant preclusion doctrine . . . ." *Exxon Mobil Corp.*, 544 U.S. at 284. The Court noted that there are some circumstances in which a federal court may exercise jurisdiction when a party attempts to litigate in federal court a matter previously litigated in state court. *Id.* at 293. For example, "[i]f a federal plaintiff 'presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Id.* (quoting *GASH Assocs. v. Rosemount*, 995 F.2d 726, 728 (7th Cir. 1993)).

Since *Exxon*, the Eighth Circuit has explained that a district court "is not deprived of jurisdiction over every case in which a plaintiff seeks a result different from the one it

obtained in state court. Rather, *Rooker-Feldman* is implicated in that subset of cases where the losing party in a state court action subsequently complains about that judgment and seeks review and rejection of it." *Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007) (internal citations omitted). Thus,

> [T]here are four requirements for the application of the *Rooker-Feldman* doctrine: (1) the federal court plaintiff must have lost in state court, (2) the plaintiff must complain of injuries caused by a state court judgment, (3) the plaintiff must invite district court review and rejection of that judgment, and (4) the state court judgment must have been rendered before the district court proceedings commenced.

*Christ's Household of Faith v. Ramsey Cty.*, 618 F. Supp. 2d 1040, 1044 (D. Minn. 2009) (citing *Skit Int'l*, 487 F.3d at 1156-57).

Courts in this district have differentiated between cases in which independent claims form the basis for the complaint and cases seeking to address an injury caused by the state court decision itself, holding *Rooker-Feldman* bars only the latter. *See Peet v. Associated Bank, N.A. Mendota Heights*, No. 11-cv-2544 (SRN/JJG), 2012 WL 7589401, at *4 (D. Minn. July 20, 2012), *R. & R. adopted*, 2013 WL 717349 (D. Minn. Feb. 27, 2013), *aff'd*, 556 F. App'x 546 (8th Cir. 2014); *Milliman v. Cty. of Stearns*, No. 05-cv-2993 (JRT/RLE), 2006 WL 2583170, at *12-13 (D. Minn. Sept. 7, 2006). But while *Rooker-Feldman* does not bar claims arising from sources outside the state court judgment, it bars "a claim seeking redress for an injury caused by the state court decision itself-even if the basis of the claim was not asserted to the state court." *Milliman*, 2006 WL 2583170, at *13. The state and federal claims need not be identical and the federal action may be construed as a prohibited appeal essentially whenever the federal relief can

only be predicated upon the determination that the state-court decision was wrong. *Lemonds v. St. Louis Cty.*, 222 F.3d 488, 493 (8th Cir. 2000) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987)). The Eighth Circuit has specifically cautioned that an unsuccessful state court litigant cannot gain victory by filing a civil rights action in federal court. *Dodson v. Univ. of Ark. For Med. Scis.*, 601 F.3d 750, 754 (8th Cir. 2010). Thus, a federal district court may not "exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court." *Lemonds*, 222 F.3d at 492–93.

That being said, the Eighth Circuit has held that "the *Rooker-Feldman* doctrine does not bar federal claims brought in federal court when a state court previously presented with the same claims declined to reach their merits." *Simes*, 354 F.3d at 830. In *Simes*, the plaintiffs had attempted to raise their federal claims before the Arkansas Supreme Court in a petition for a writ of certiorari. *Id.* at 827. The state supreme court not only declined to address the federal claims, but ordered the parties to confine their briefs to issues of state law. *Id.* at 828. The Eighth Circuit concluded under those circumstances that the plaintiffs' claims were not barred by *Rooker-Feldman. Id.* at 830.

The Eighth Circuit in *Simes* noted, however, that the state court "need not undertake extensive analysis of every federal claim before it, regardless of merit, for *Rooker-Feldman* to bar a later federal suit." *Id.* On the contrary, the state court "need only indicate it has considered, reached the merits, and rejected the federal claims in order for that doctrine to apply." *Id.*

7

Furthermore, the Eighth Circuit has held that the exception carved out by *Simes* does not apply when federal claims could have been, but were not, raised in the state court action. In *Prince v. Arkansas Bd. of Examiners in Psychology*, 380 F.3d 337 (8th Cir. 2004), the defendant revoked the plaintiff psychologist's license. *Id.* at 339. The psychologist had the option of challenging the board's decision in state or federal court. *Id.* at 340. He chose state court, but then voluntarily dismissed his state court action with prejudice and subsequently filed a suit in federal court alleging § 1983 claims. *Id.* at 339. The Eighth Circuit noted that under Arkansas law, a dismissal with prejudice is "as conclusive of the rights of the parties as if there were an adverse judgment as to the plaintiff after a trial." *Id.* at 341 (citation omitted). Accordingly, the court held that *Rooker-Feldman* barred the psychologist's § 1983 claims, stating that because he "could have raised all of his constitutional challenges to the Board's application of its regulations in his state court case, . . . the exception to the doctrine we recognized in *Simes* does not apply here." *Id.* at 341-42; *see also Phillips v. Minnesota*, No. 13-cv-1575 (DWF/JJK), 2014 WL 1608360, at *5 (D. Minn. Apr. 21, 2014) *aff'd*, 588 F. App'x 516 (8th Cir. 2015) ("a party 'cannot be allowed to escape *Rooker-Feldman* by raising a new constitutional theory in federal court'" (quoting *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992))).

Here, Plaintiff challenges the validity of the Anoka County action that led to a default judgment for child support and child support arrearage. Plaintiff argues that his parent's address was not his "usual place of abode" as outlined in Minnesota law. He further argues that his constitutional rights were violated and he has no redress other than

8

through the federal court because the time to file an appeal with the Minnesota Court of Appeals had passed by the time he learned of the default judgment.

As the Anoka County Defendants point out, the instant facts are similar to those in *Skit Intl., Ltd. v. DAC Tech. of Ark., Inc.*, 487 F.3d 1154 (8th Cir. 2007). In *Skit*, a state court jury had previously entered judgment against the plaintiff company and a related company. *Id.* at 1156. An attorney for the related company filed an answer on behalf of both companies. *Id.* The plaintiff company appealed in state court and argued that the judgment was void for lack of personal jurisdiction, venue, and service. *Id.* The plaintiff company argued that it had not been made aware of the lawsuit until after judgment was entered and the attorney for the related company was not authorized to accept service on or appear on its behalf. *Id.* The Arkansas Court of Appeals dismissed the appeal, and the plaintiff company appealed to the Arkansas Supreme Court. *Id.* That appeal was dismissed because the motion to a set aside the underlying judgment was untimely. *Id.* The plaintiff company then filed suit in federal court, seeking to have the state court judgment set aside for lack of service and lack of personal jurisdiction. *Id.* The plaintiff argued that *Rooker-Feldman* does not apply where a party has been unable to attain state appellate review on the merits. *Id.* The Eighth Circuit considered the plaintiff company's complaint a classic illustration of the *Rooker-Feldman* doctrine. *Id.* at 1157. The alleged injury stemmed from a state court judgment, not from a separate injury caused by the defendant. *Id.* at 1158. Moreover, the plaintiff company had previously raised its lack of service argument in its state court appeal, and the court specifically rejected it. *Id.*

Here, as in *Skit*, Plaintiff directly contests the state court default judgment. He does not contest some independent injury from the defendant, only the judgment against him for child support, which is the source of his alleged injury. While, unlike *Skit*, Plaintiff did not contest service in state court, he could have done so, but failed to. Minnesota Rule of Civil Procedure 60.02 allows an aggrieved party to seek relief from an order or judgment within a "reasonable time" following the entry of the order or judgment. In fact, under that statute there is no time limit to seek vacation of a judgment that is void. The Court therefore recommends dismissing Plaintiff's claims against the Anoka County Defendants for lack of subject matter jurisdiction based on *Rooker-Feldman*.

### B. Failure to Adequately Allege a Cause of Action Under 42 U.S.C. § 1983

Plaintiff alleges the Anoka County Defendants are liable under 42 U.S.C. § 1983. The Anoka County Defendants argue that even if the Court had subject matter jurisdiction over his claims, Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Generally, in considering a motion to dismiss under Rule 12(b)(6), the Court considers only the facts alleged in the complaint. A court may make exceptions to this rule for "matters of public record, orders, materials embraced by the complaint, and

exhibits attached to the complaint." *Wong v. Minn. Dep't of Human Servs.*, No. 13-cv-3378 (DWF/JSM), 2014 WL 4796464, at *3 (D. Minn. Sept. 26, 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Labels, bare conclusions, and formulaic recitations of the elements are not enough. *Id.* In applying the Rule 12(b)(6) standard, a court accepts all alleged facts as true and affords the plaintiff all reasonable inferences arising from the allegations. *Butler v. Bank of Am., N.A.*, 690 F.3d 959, 961 (8th Cir. 2012). In determining whether the plaintiff has sustained his burden, a court has the duty to construe liberally a pro se party's pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "the Court may not supply additional facts or fashion a legal theory that assumes facts that have not been pleaded." *Benjamin v. Experian Info. Sols., Inc.*, No. 14-cv-810 (JRT/JJG), 2014 WL 3509044, at *2 (D. Minn. July 15, 2014) (citing *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004)).

In this case, Plaintiff has not sued any individual county employees, instead suing only county departments. Local governments are not vicariously liable under § 1983 for their employees' actions, and are only liable for their own illegal acts if those acts arise out of an official municipal policy or established custom. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Here, Plaintiff has not cited any official county policy or custom or alleged that such policy or custom caused his constitutional rights to be violated. Indeed, he alleges facts only concerning himself. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061

(8th Cir. 2013) (holding that generally, "an isolated incident of alleged police misconduct . . . cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983"). Accordingly, even if the Court did not lack subject matter jurisdiction over Plaintiff's claims against the Anoka County Defendants under *Rooker-Feldman*, the Court recommends that Plaintiff's claims against these Defendants be dismissed without prejudice for failure to state a claim upon which relief can be granted.

    **C.    Anoka County Defendants Lack the Capacity to Be Sued Under State Law**

Minnesota Statute Chapter 466 limits municipality liability to counties, not including particular divisions or department of counties. Courts in this district have held that county departments cannot be sued. *Follis v. Minnesota Atty. Gen.*, 08-cv-1348 (JRT/RLE), 2010 WL 3399674 (D. Minn. Feb. 16, 2010) *R. & R. adopted*, 2010 WL 3399958 (D. Minn. Aug. 26, 2010) (recommending dismissal against Todd County and Morrison County departments of human services); *see also Eaton v. Minnesota Atty. Gen.'s Office*, No. 10-cv-1804 (JRT/FLN), 2011 WL 1195777, (D. Minn. Mar. 28, 2011). In *Eaton*, the Honorable John R. Tunheim adopted a magistrate judge's report and recommendation dismissing claims against the Hennepin County Attorney's Office, holding that it is "not a cognizable entity subject to suit, because it is an operational department of Hennepin County, and not a separate legal entity with the power to sue or be sued." *Id.* at *4, *aff'd as modified*, 445 F. App'x 901 (8th Cir. 2011).

Here, Plaintiff sued the Anoka County Child Support Division and Anoka County Attorney's Office, departments of the county. Under state law and federal court

precedent, they cannot be sued. Accordingly, Plaintiff's claims against these Defendants should be dismissed on this ground as well.[2]

### D. Whether Plaintiff's Claims Against the Anoka County Defendants Should Be Dismissed With Prejudice

The Anoka County Defendants argue that any dismissal of the claims against them should be with prejudice, but the Court disagrees. The Court has recommended dismissal for lack of subject matter jurisdiction under *Rooker-Feldman*, failure to adequately plead constitutional claims, and because the named Defendants lack the capacity to be sued under Minnesota law. If the District Court adopts the recommendation that the case be dismissed under *Rooker-Feldman* for lack of subject matter jurisdiction, that dismissal is necessarily without prejudice to Plaintiff's claims to the extent he is able to pursue them in a court that does have subject matter jurisdiction. *See Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011) (noting that in most cases, a dismissal for lack of subject matter jurisdiction is without prejudice). If, on the other hand, the District Court concludes it has subject matter jurisdiction but instead dismisses Plaintiff's complaint for failure to state a claim, that dismissal should ordinarily be without prejudice as well. *See, e.g.*, *Hutchinson v. Jefferson Cty. Jail*, 242 F.3d 375 (8th Cir. 2000) (modifying dismissal for failure to state a claim to be without prejudice).

---

[2] The Anoka County Defendants alternatively argue that if the Court reads Plaintiff's Complaint to bring claims against Anoka County, Plaintiff has failed to effect service on the county in accordance with Minnesota Statute § 373.07, which requires service of process to be made upon the chair of the board or upon the county auditor. In his response, Plaintiff does not argue that the Court should consider him to have brought claims against Anoka County, so the Court does not address this argument.

The Anoka County Defendants argue that because Plaintiff previously filed a similar complaint[3] and voluntarily dismissed it without prejudice, the Court should dismiss Plaintiff's instant claims with prejudice. In *Omaha Indian Tribe v. Tract I–Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir. 1991), the Eighth Circuit held that "[a]n action should be dismissed with prejudice only after balancing the policy of giving the plaintiff her day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." The Anoka County Defendants, however, point to *Eaton v. Minnesota Atty. Gen.'s Office*, No. 10-cv-1804 (JRT/FLN), 2011 WL 1195777, (D. Minn. Mar. 28, 2011), *aff'd as modified*, 445 F. App'x 901 (8th Cir. 2011), as authority for their position that Plaintiff's claims should be dismissed with prejudice. In that case, the Eighth Circuit affirmed the district court's order dismissing the plaintiffs' federal claims with prejudice, although it modified the dismissal of supplemental state law claims to be without prejudice. That case is distinguishable, however. First, it did not involve a dismissal – as the Court recommends here – for lack of subject matter jurisdiction. As already noted, where that is the basis for dismissal, the dismissal should be without prejudice. Second, in *Eaton*, the plaintiffs "attempted to file the same complaint on at least three separate occasions," received orders from a judge describing what steps needed to be taken to properly pursue their claims, but failed to comply with those steps each time. *Id.* at *5. Additionally, the plaintiffs had their day in court, initially receiving a partially favorable ruling. *Id.*

---

[3] *See Warren v. Anoka County Attorney*, 15-cv-2435 (DWF/FLN).

Here, as counsel for the Anoka County Defendants admitted during the hearing, Plaintiff has filed only one prior complaint in federal court. Even though Plaintiff's allegations in the instant case appear to be based on the same factual circumstances as his previous case, the claims are somewhat different. The Court is not certain there is no basis on which he could adequately plead – *in the appropriate forum* – a claim arising out of the circumstances of which he complains.

Similarly, the fact that Plaintiff has attempted to sue departments of the County rather than the County itself does not warrant a dismissal of the underlying claims with prejudice. *See, e.g.*, *Hutchinson*, 242 F.3d 375 (dismissing without prejudice to allow plaintiff the opportunity to amend to add relevant actors). Therefore, the Court recommends that if the District Court chooses to dismiss this action under Fed. R. Civ. P. 12(b)(6), that dismissal be without prejudice.[4]

### III. Metro Legal Services' Motion to Dismiss

Metro Legal argues that Plaintiff's claims should be dismissed because he has failed to state a cause of action against it under 42 U.S.C. § 1983, and because the Court lacks subject matter jurisdiction under *Rooker-Feldman*.

Metro Legal first argues that Plaintiff has not specifically pleaded, let alone with supporting facts, that Metro Legal violated his constitutional rights. Plaintiff merely states that Anoka County served its complaint "via Metro Legal Services." He does not

---

[4] Even so, Plaintiff would not be entitled to unlimited opportunities to attempt to state a cognizable claim. *See, e.g.*, *Eaton*, No. 10-cv-1804 (JRT/FLN), 2011 WL 1195777, at *5.

even state what constitutional provision Metro Legal allegedly violated by serving process at Plaintiff's parent's house.

Furthermore, even if Plaintiff had identified a constitutional violation, Metro Legal argues it is not a state actor subject to liability under § 1983. "A private party may be held liable under § 1983 only if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009) (citation omitted). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor" regarding the violation of a plaintiff's constitutional rights. *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997) (citations omitted). A § 1983 conspiracy claim must allege "specific facts tending to show a 'meeting of the minds' among alleged conspirators." *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010).

Here, Plaintiff has not alleged Metro Legal had a mutual understanding with Anoka County or any other governmental actor concerning a violation of Plaintiff's constitutional rights. Plaintiff did not allege any specific fact that tends to show a meeting of the minds among the purported conspirators. Even viewing his Complaint liberally, there are not sufficient factual allegations to support a claim for conspiracy. The Court therefore recommends dismissal without prejudice of Plaintiff's claims against Metro Legal.[5]

---

[5] Although Metro Legal does not advance any particular arguments in favor of dismissal with prejudice, it also asks the Court to dismiss Plaintiff's claims with, rather than without, prejudice. The Court rejects that request for the same reasons previously explained in connection with Anoka County's argument.

Metro Legal alternatively argues that Plaintiff's claims against it should be dismissed for lack of subject matter jurisdiction under *Rooker-Feldman*. Here, Plaintiff's claims against Metro Legal arise from alleged injuries flowing from the state court ruling. The state court judgment – the source of Plaintiff's alleged injuries – was necessarily premised on a finding that service over Plaintiff was proper and the court had personal jurisdiction over him. The injuries allegedly resulting from the allegedly improper service are the injuries resulting from the judgment, so a challenge to one necessarily implicates the other. Furthermore, while Metro Legal was not a party to the state court lawsuit, "the *parties* need not be the same for *Rooker-Feldman* to apply so long as the *claims* are "inextricably intertwined" with claims adjudicated in state court." *Liedtke v. Runningen*, No. 15-cv-3361 (JRT/HB), (D. Minn. June 20, 2016), *R. & R. adopted* (D. Minn. Sept. 29, 2016), (citing *Lemonds*, 222 F.3d at 492-93). The Court therefore also recommends dismissal of Plaintiff's claims against Metro Legal for lack of subject matter jurisdiction under *Rooker-Feldman*.

IV. **Recommendation**

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Anoka County Defendants' Motion to Dismiss the Complaint [Doc. No. 11] be **GRANTED**;

2. Defendant Metro Legal Services' Motion to Dismiss [Doc. No. 15] be **GRANTED**; and

3. Plaintiff's claims against all Defendants be **DISMISSED WITHOUT PREJUDICE**.

Dated: May 1, 2017
           s/ *Hildy Bowbeer*
           HILDY BOWBEER
           United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.